IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RUTH RONDON and <br> DAVID L. HERRING, <br><br> Plaintiffs, <br><br> v. <br><br> ALS EXPRESS TRUCKING, INC. <br> <u>Serve</u>:  Arman Hakobyan <br>           9001 Sophia Avenue <br>           North Hills, CA 91343-4116 <br><br> AND <br><br> LEVON S. SARGSYAN <br> <u>Serve</u>: 9958 Noble Avenue <br>         Mission Hills, CA 91345-3023 <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Cause No. <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COMES NOW Plaintiffs, Ruth Rondon and David L. Herring, and for their cause of actions against Defendants, ALS Express Trucking, Inc., and Levon S. Sargsyan, and state as follows:

## PARTIES

1. Plaintiff Ruth Rondon ("Plaintiff Ruth") is a citizen residing in Oakland, Mississippi.

2. Plaintiff David L. Herring ("Plaintiff David") is a citizen residing in Oakland, Mississippi.

3. Defendant Levon S. Sargsyan ("Defendant Sargsyan") is a citizen residing in Los Angeles, California.

4. Defendant ALS Express Trucking, Inc., ("Defendant ALS Express") is a

California transportation company which conducts business in the State of Missouri as an interstate motor carrier subject to the Federal Motor Carrier Safety Regulations promulgated by the Federal Motor Carrier Safety Administration, U.S. Department of Transportation.

5.     Defendant ALS Express has its principal place of business in Los Angeles, California.

6.     At all times relevant herein, Defendant Sargsyan was acting in the course and scope of his employment with Defendant ALS Express Trucking, Inc.

7.     At all times relevant herein, Defendant ALS Express was acting individually and through its agents, servant and/or employee Defendant Sargsyan.

## VENUE AND JURISDICTION

8.     At all times relevant herein, Defendant ALS Express availed itself of the laws of Missouri by conducting business in St. Louis County, Missouri, and it is in the interests of the citizens of Missouri to decide this controversy.

9.     Venue in this Court is proper, as the incident giving rise to this cause of action occurred in St. Louis County, Missouri.

10.    Jurisdiction is proper in this Court, as there is complete diversity amongst the parties and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00), excluding costs and expenses.

## FACTS COMMON TO ALL COUNTS

11.    Missouri has adopted the Federal Motor Carrier Safety Regulations.

12.    At all times relevant herein, Defendant ALS Express was an interstate common carrier, motor carrier, and trucking transport company subject to the Federal Motor Carrier Safety Regulations ("FMCSR").

13. At all times relevant herein, Defendant ALS Express and its agents, servants, and employees were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations, including but not limited to, the sections thereof set forth herein.

14. At all times mentioned herein, and at the time of this incident, Defendant ALS Express, individually, and/or through its agents, servants, and/or employees, owned, leased, controlled, and/or operated a 2016 Kenworth Truck (the "Kenworth Truck") that was hauling a trailer that caused this incident.

15. At all times mentioned herein, Defendant Sargsyan was hired by Defendant ALS Express to drive the Kenworth Truck to transport various items in intrastate and interstate commerce.

16. At all times mentioned herein, Defendant ALS Express owned, operated, maintained, managed, and controlled the Kenworth Truck.

17. On June 22, 2017, Will Davis, Jr., was the driver of a 2017 Ford Fusion traveling westbound on Interstate 44 approximately 800 feet east of Missouri Route 141 South in St. Louis County, Missouri.

18. On the above date, Plaintiff Ruth and Plaintiff David were rear seat passengers in the 2017 Ford Fusion.

19. On the above date, Defendant Sargsyan was operating the Kenworth Truck, heading westbound on Interstate 44 in St. Louis County, Missouri.

20. At or around 9:45 p.m., on the above stated date, at approximately 800 feet from Missouri Route 141 South, Will Davis Jr.'s vehicle came to a stop in the right-hand lane of Interstate 44 in traffic due to construction.

21. At or around 9:45 p.m., on the above stated date, Defendant Sargsyan was

traveling in the right-hand lane of Interstate 44 immediately behind Will Davis, Jr.'s, 2017 Ford Fusion.

22. On the above stated date and time, Defendant Sargsyan, the agent, servant, and/or employee of Defendant ALS Express, caused the front-end of the Kenworth Truck he was operating to strike the rear-end of the 2017 Ford Fusion, resulting in Plaintiff Ruth's and Plaintiff David's serious injuries as detailed herein.

23. Interstate 44, at the crash location, is a much traveled, open, and publicly dedicated state highway and thoroughfare in the State of Missouri.

24. Defendant ALS Express' negligence, and the negligence of its agents, servants, and employees, as described herein, directly and proximately caused or contributed to cause injury to Plaintiff Ruth, which included injuries to her head, neck, back, left shoulder, left arm, and left hand.

25. Defendant ALS Express' negligence, and the negligence of its agents, servants, and employees, as described herein, directly and proximately caused or contributed to cause injury to Plaintiff David, which included injuries to his head, neck, back, left hip, and left leg.

26. As a direct and proximate result of this collision and the direct and proximate result of the negligence of Defendant ALS Express, and its agents, servants, and employees, Plaintiff Ruth's and Plaintiff David's ability to work, labor, and enjoy life were, and have been, permanently impaired.

27. As a direct and proximate result of this collision and the direct and proximate result of the negligence of Defendant ALS Express, and its agents, servants, and employees, Plaintiff Ruth and Plaintiff David were caused to undergo necessary medical care and treatment, and will be further obligated to undergo such care and treatment in the future in an amount that is

not currently known.

## COUNT I
(Negligence – *Ruth Rondon v. Levon Sargsyan*)

28. Plaintiff Ruth incorporates and adopts by reference each and every allegation contained in all preceding paragraphs of this Complaint as if said allegations were fully set forth herein.

29. At the time and place of the collision giving rise to Plaintiff Ruth's cause of action, Defendant Sargsyan had a duty to operate the Kenworth Truck with the highest degree of reasonable care and to follow Missouri's Rules of the Road. See RSMo. §§ 300.010 – 300.600.

30. Defendant Sargsyan owed this duty to all people using the roadways in the State of Missouri, including Plaintiff Ruth.

31. On the date and at the place referenced above, Defendant Sargsyan breached the aforesaid duty he owed to Plaintiff Ruth in one or more of the following ways:

    a. Negligently and carelessly failed to reduce speed to avoid a collision with another vehicle; and/or

    b. Negligently and carelessly drove into Will Davis, Jr.'s, vehicle, in which Plaintiff Ruth was a passenger, without keeping a careful lookout for stopped or slowed traffic; and/or

    c. Negligently and carelessly failed to adjust speed to account for stopped or slowed traffic when driving a commercial vehicle equipped with air brakes; and/or

    d. Negligently and carelessly failed to sound a warning of his approach; and/or

    e. Negligently and carelessly failed to maneuver his vehicle so that it did not strike Will Davis, Jr.'s, vehicle, in which Plaintiff Ruth was a passenger;

and/or

 f. Negligently and carelessly drove at an unsafe, excessive and dangerous speed; and/or

 g. Operated the Kenworth Truck without adequate training and experience; and/or

 h. Negligently and carelessly failed to keep the Kenworth Truck under control; and/or

 i. Negligently and carelessly operated the Kenworth Truck over the amount of hours allowed by the Federal Motor Carrier Safety Regulations.

32. As a direct and proximate result of Defendant Sargsyan's negligent actions and omissions, as particularly set forth above, Plaintiff Ruth sustained severe, permanent, and progressive injuries to her head, neck, back, left shoulder, left arm, and left hand.

33. As a direct and proximate result of Defendant Sargsyan's negligent actions and omissions, as particularly set forth above, Plaintiff Ruth incurred medical expenses to date and will be reasonably likely to sustain additional medical expenses in the future.

34. As a direct and proximate result of one or more of the foregoing acts or omissions caused, and will in the future cause, Plaintiff Ruth to endure pain, suffering, mental anguish, and discomfort as a result of multiple injuries to her body; loss of her normal life; to obtain medical and other health care to treat her injuries thereby becoming indebted for same; disfigurement; and, has in the past, and will in the future, suffer additional damages all in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff Ruth Rondon, respectfully requests that judgment be entered for her against Defendant Levon S. Sargsyan in an amount in excess of Seventy-Five Thousand

Dollars ($75,000.00), exclusive of costs and interest, as a fair and reasonable amount to compensate her for her injuries, together with her costs and for such other relief that this Court deems just and proper under the circumstances.

## COUNT II
(Negligence – *David Herring v. Levon Sargsyan*)

35. Plaintiff David incorporates and adopts by reference each and every allegation contained in all preceding paragraphs of this Complaint as if said allegations were fully set forth herein.

36. At the time and place of the collision giving rise to Plaintiff David's cause of action, Defendant Sargsyan had a duty to operate the Kenworth Truck with the highest degree of reasonable care and to follow Missouri's Rules of the Road. See RSMo. §§ 300.010 – 300.600.

37. Defendant Sargsyan owed this duty to all people using the roadways in the State of Missouri, including Plaintiff David.

38. On the date and at the place referenced above, Defendant Sargsyan breached the aforesaid duty he owed to Plaintiff David in one or more of the following ways:

    a. Negligently and carelessly failed to reduce speed to avoid a collision with another vehicle; and/or

    b. Negligently and carelessly drove into Will Davis, Jr.'s, vehicle, in which Plaintiff David was a passenger, without keeping a careful lookout for stopped or slowed traffic; and/or

    c. Negligently and carelessly failed to adjust speed to account for stopped or slowed traffic when driving a commercial vehicle equipped with air brakes; and/or

    d. Negligently and carelessly failed to sound a warning of his approach; and/or

  e. Negligently and carelessly failed to maneuver his vehicle so that it did not strike Will Davis, Jr.'s, vehicle, in which Plaintiff David was a passenger; and/or

  f. Negligently and carelessly drove at an unsafe, excessive and dangerous speed; and/or

  g. Operated the Kenworth Truck without adequate training and experience; and/or

  h. Negligently and carelessly failed to keep the Kenworth Truck under control; and/or

  i. Negligently and carelessly operated the Kenworth Truck over the amount of hours allowed by the Federal Motor Carrier Safety Regulations.

39. As a direct and proximate result of Defendant Sargsyan's negligent actions and omissions, as particularly set forth above, Plaintiff David sustained severe, permanent, and progressive injuries to his head, neck, back, left hip, and left leg.

40. As a direct and proximate result of Defendant Sargsyan's negligent actions and omissions, as particularly set forth above, Plaintiff David incurred medical expenses to date and will be reasonably likely to sustain additional medical expenses in the future.

41. As a direct and proximate result of one or more of the foregoing acts or omissions caused, and will in the future cause, Plaintiff David to endure pain, suffering, mental anguish, and discomfort as a result of multiple injuries to his body; loss of his normal life; to obtain medical and other health care to treat his injuries thereby becoming indebted for same; disfigurement; and, has in the past, and will in the future, suffer additional damages all in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff David Herring, respectfully requests that judgment be entered for him against Defendant Levon S. Sargsyan in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest, as a fair and reasonable amount to compensate him for his injuries, together with his costs and for such other relief that this Court deems just and proper under the circumstances.

## COUNT III
(Vicarious Liability – *Ruth Rondon v. ALS Express Trucking, Inc.*)

42. Plaintiff Ruth incorporates and adopts by reference each and every allegation contained in all preceding paragraphs of this Complaint as if said allegations were fully set forth herein.

43. At the time of this collision, and at all times herein mentioned, Defendant Sargsyan was acting in the course and scope of his employment with Defendant ALS Express as its driver, agent, servant, and employee, and Defendant ALS Express is vicariously liable for the actions of Defendant Sargsyan, its agent, servant, and employee.

44. That on June 22, 2017, at the time of this collision, Defendant Sargsyan was an agent, servant and employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Defendant ALS Express, and all of the acts of negligence on the part of Defendant Sargsyan were committed within the course and scope of his agency and employment of, with and for Defendant ALS Express.

45. At all times relevant herein, Defendant ALS Express, by and through its agent Defendant Sargsyan, owed a duty to Plaintiff Ruth and others to operate the commercial motor vehicle in a reasonably safe manner so as to not injure or damage the persons or property of Plaintiff Ruth and others.

46. On the date and at the place referenced above, Defendant ALS Express, by and

through its agent, negligently operated the Kenworth Truck in one or more of the following ways:

    a.    Negligently and carelessly failed to reduce speed to avoid a collision with another vehicle; and/or

    b.    Negligently and carelessly drove into Will Davis, Jr.'s, vehicle, in which Plaintiff Ruth was a passenger, without keeping a careful lookout for stopped or slowed traffic; and/or

    c.    Negligently and carelessly failed to adjust speed to account for stopped or slowed traffic when driving a commercial vehicle equipped with air brakes; and/or

    d.    Negligently and carelessly failed to sound a warning of his approach; and/or

    e.    Negligently and carelessly failed to maneuver his vehicle so that it did not strike Will Davis, Jr.'s, vehicle, in which Plaintiff Ruth was a passenger; and/or

    f.    Negligently and carelessly drove at an unsafe, excessive and dangerous speed; and/or

    g.    Operated the Kenworth Truck without adequate training and experience; and/or

    h.    Negligently and carelessly failed to keep the Kenworth Truck under control; and/or

    i.    Negligently and carelessly operated the Kenworth Truck over the amount of hours allowed by the Federal Motor Carrier Safety Regulations.

47.    At the time of this crash, while in the course and scope of his employment with

Defendant ALS Express, Defendant Sargsyan drove the Kenworth Truck on a public street, road, thoroughfare, and highway in such a manner that he could not stop in time to avoid causing the collision.

48. At the time of this crash, while in the course and scope of his employment with Defendant ALS Express, Defendant Sargsyan failed to be diligent at all times and failed to drive at such a rate of speed and with such control that he could avoid this collision.

49. Each negligent act or omission by Defendant Sargsyan and Defendant ALS Express, and each of them, as described in the above paragraphs and the below paragraphs, acting separately or in combination, was a direct and proximate cause of the collision in question and the resulting injuries to Plaintiff Ruth.

50. As a direct and proximate result of the negligence of Defendant Sargsyan and Defendant ALS Express, as set forth and herein, the Kenworth Truck crashed into the rear of Will Davis, Jr.'s, vehicle, in which Plaintiff Ruth was a passenger, and caused the injuries and damages described herein.

51. As a direct and proximate result of the negligence of Defendant Sargsyan and Defendant ALS Express, either solely, individually, or jointly, severally and in combination with the negligence of each other, as set forth and alleged herein and hereinafter, Plaintiff Ruth was seriously injured as described herein and have sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

52. Defendant Sargsyan and Defendant ALS Express knew, or should have known in the exercise of ordinary care, that such conduct as described herein created a high degree of probability of injury.

53. Defendant Sargsyan's and Defendant ALS Express' violations of numerous

FMCSR regulations as described herein caused or contributed to this collision.

54. As a direct and proximate result of one or more of the foregoing acts or omissions, this collision caused Plaintiff Ruth to sustain injuries to her head, neck, back, left shoulder, left arm, and left hand.

55. As a direct and proximate result of one or more of the foregoing acts or omissions, this collision caused, and will in the future cause, Plaintiff Ruth to endure pain, suffering, mental anguish, and discomfort as a result of multiple injuries to her body; loss of her normal life; to obtain medical and other health care to treat her injuries thereby becoming indebted for same; disfigurement; and, has in the past, and will in the future, suffer additional damages all in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff Ruth Rondon, respectfully requests that judgment be entered for her against Defendant ALS Express Trucking, Inc., in an amount in excess of Seventy-Five Dollars ($75,000.00), exclusive of costs and interest, as a fair and reasonable amount to compensate them for her injuries, together with her costs and for such other relief that this Court deems just and proper under the circumstances.

## COUNT IV
(Vicarious Liability – *David Herring v. ALS Express Trucking, Inc.*)

56. Plaintiff David incorporates and adopts by reference each and every allegation contained in all preceding paragraphs of this Complaint as if said allegations were fully set forth herein.

57. At the time of this collision, and at all times herein mentioned, Defendant Sargsyan was acting in the course and scope of his employment with Defendant ALS Express as its driver, agent, servant, and employee, and Defendant ALS Express is vicariously liable for the actions of Defendant Sargsyan, its agent, servant, and employee.

58. That on June 22, 2017, at the time of this collision, Defendant Sargsyan was an agent, servant and employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Defendant ALS Express, and all of the acts of negligence on the part of Defendant Sargsyan were committed within the course and scope of his agency and employment of, with, and for Defendant ALS Express.

59. At all times relevant herein, Defendant ALS Express, by and through its agent Defendant Sargsyan, owed a duty to Plaintiff David and others to operate the commercial motor vehicle in a reasonably safe manner so as to not injure or damage the persons or property of Plaintiff David and others.

60. On the date and at the place referenced above, Defendant ALS Express, by and through its agent, negligently operated the Kenworth Truck in one or more of the following ways:

    a. Negligently and carelessly failed to reduce speed to avoid a collision with another vehicle; and/or

    b. Negligently and carelessly drove into Will Davis, Jr.'s, vehicle, in which Plaintiff David was a passenger, without keeping a careful lookout for stopped or slowed traffic; and/or

    c. Negligently and carelessly failed to adjust speed to account for stopped or slowed traffic when driving a commercial vehicle equipped with air brakes; and/or

    d. Negligently and carelessly failed to sound a warning of his approach; and/or

    e. Negligently and carelessly failed to maneuver his vehicle so that it did not strike Will Davis, Jr.'s, vehicle, in which Plaintiff David was a passenger;

and/or

    f.    Negligently and carelessly drove at an unsafe, excessive and dangerous speed; and/or

    g.    Operated the Kenworth Truck without adequate training and experience; and/or

    h.    Negligently and carelessly failed to keep the Kenworth Truck under control; and/or

    i.    Negligently and carelessly operated the Kenworth Truck over the amount of hours allowed by the Federal Motor Carrier Safety Regulations.

61.    At the time of this crash, while in the course and scope of his employment with Defendant ALS Express, Defendant Sargsyan drove the Kenworth Truck on a public street, road, thoroughfare, and highway in such a manner that he could not stop in time to avoid causing the collision.

62.    At the time of this crash, while in the course and scope of his employment with Defendant ALS Express, Defendant Sargsyan failed to be diligent at all times and failed to drive at such a rate of speed and with such control that he could avoid this collision.

63.    Each negligent act or omission by Defendant Sargsyan and Defendant ALS Express, and each of them, as described in the above paragraphs and the below paragraphs, acting separately or in combination, was a direct and proximate cause of the collision in question and the resulting injuries to Plaintiff David.

64.    As a direct and proximate result of the negligence of Defendant Sargsyan and Defendant ALS Express, as set forth and herein, the Kenworth Truck crashed into the rear of Will Davis, Jr.'s, vehicle, in which Plaintiff David was a passenger, and caused the injuries and

damages described herein.

65. As a direct and proximate result of the negligence of Defendant Sargsyan and Defendant ALS Express, either solely, individually, or jointly, severally and in combination with the negligence of each other, as set forth and alleged herein and hereinafter, Plaintiff David was seriously injured as described herein and have sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

66. Defendant Sargsyan and Defendant ALS Express knew, or should have known in the exercise of ordinary care, that such conduct as described herein created a high degree of probability of injury.

67. Defendant Sargsyan's and Defendant ALS Express' violations of numerous FMCSR regulations as described herein caused or contributed to this collision.

68. As a direct and proximate result of one or more of the foregoing acts or omissions, this collision caused Plaintiff David to sustain injuries to his head, neck, back, left hip, and left leg.

69. As a direct and proximate result of one or more of the foregoing acts or omissions, this collision caused, and will in the future cause, Plaintiff David to endure pain, suffering, mental anguish, and discomfort as a result of multiple injuries to his body; loss of his normal life; to obtain medical and other health care to treat his injuries thereby becoming indebted for same; disfigurement; and, has in the past, and will in the future, suffer additional damages all in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff David Herring, respectfully requests that judgment be entered for him against Defendant ALS Express Trucking, Inc., in an amount in excess of Seventy-Five Dollars ($75,000.00), exclusive of costs and interest, as a fair and reasonable amount to

compensate him for his injuries, together with his costs and for such other relief that this Court deems just and proper under the circumstances.

### COUNT V
(Negligent Hiring, Training, Supervision & Retention Against ALS Express Trucking, Inc.)

70.     Plaintiff Ruth and Plaintiff David incorporate and adopt by reference each and every allegation contained in all preceding paragraphs of this Complaint as if said allegations were fully set forth herein.

71.     Defendant ALS Express owed the general public, including Plaintiffs, a duty to properly, diligently and adequately screen potential drivers in order to determine the qualifications of its agents, servants, and employees, and such duties include, but are not limited to:

    a.   Adequately evaluate applicants before hiring them as truck drivers and agents, servants, and employees; and

    b.   Adequately training and supervising said agents, servants, and employees; and

    c.   Adequately evaluate the employees' job performance so as to discharge any incompetent or negligent employee before he injured the public or property.

72.     Defendant ALS Express owed the general public, including Plaintiffs, a duty to see, confirm and require that Defendant Sargsyan's employment application was truthful, accurate and fully completed.

73.     Pursuant to the FMCSR, Defendant ALS Express owed the general public, including Plaintiffs, a duty to determine the qualifications of its agents, servants, and employees, including, but not limited to adequately evaluating Defendant Sargsyan's performance through

training, supervision, and to discharge any incompetent or negligent applicant, agent, servant, and/or employee before he injured the public or property.

    74.    Pursuant to the FMCSR, Defendant ALS Express had the following statutory duties:

    a.    To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. See 49 C.F.R.§ 391.21;

    b.    To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. See 49 C.F.R. § 391.23(a), 391.23(c);

    c.    To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. See 49 C.F.R. § 391.23(a); and

    d.    To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. See 49 C.F.R. § 391.31(a).

    75.    Defendant ALS Express had a duty to comply with all of the above and below listed FMCSR, Code of Federal Regulations, Codes, and/or Statutes, so as to protect the general public, including Plaintiffs, from the unsafe operation of commercial motor vehicles.

    76.    Defendant ALS Express breached its duty to the general public, including the Plaintiffs, by its negligent and careless hiring, training, supervising, and retaining Defendant Sargsyan's agent, servant and employee, who was unqualified, incompetent, and/or negligent and careless at the time of this crash and during the time leading up to this crash.

    77.    Defendant ALS Express failed to properly train its agents, servants and

employees, including Defendant Sargsyan, in the proper operation, inspection, maintenance, record-keeping, and check-in, necessary for the safe operation of a commercial motor vehicle and trailer.

78.  Defendant ALS Express breached each of the above and below listed Safety Regulations, Codes, and/or Statutes and its required obligations pursuant to said Safety Regulations, Codes, and/or Statutes and permitted Defendant Sargsyan to drive Defendant ALS Express' Kenworth Truck after negligible efforts, if any, to determine whether Defendant Sargsyan was competent and fit to drive its trucks.

79.  Defendant ALS Express failed to properly instruct and train its agents, servants, and employees, including Defendant Sargsyan, how to properly and safely operate the Kenworth Truck.

80.  Defendant ALS Express failed to provide safety courses to their agents, servants, and employees, including Defendant Sargsyan, on how to safely operate the Kenworth Truck.

81.  Defendant ALS Express failed to provide continuing safety courses to its agents, servants, and employees, including Defendant Sargsyan, on trucking safety issues.

82.  Plaintiffs' injuries were directly and proximately caused by the negligence of Defendant ALS Express and Defendant ALS Express' breach of and failure to comply with its duties, including Defendant ALS Express' duties to comply with the above referenced Safety Regulations, Codes, and/or Statutes.

WHEREFORE, Plaintiffs Ruth Rondon and Plaintiff David Herring respectfully request that judgment be entered for them against Defendant ALS Express Trucking, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest, as a fair and reasonable amount to compensate them for their injuries, together with their costs and

for such other relief that this Court deems just and proper under the circumstances.

                              BROWN & CROUPPEN, P.C.

BY:    */s/ Katie A. Hubbard*
          Katie A. Hubbard #63513MO
          211 N. Broadway, Suite 1600
          St. Louis, MO  63102
          (314) 222-2222
          (314) 561-6204 (Direct)
          (314) 421-0359 (Fax)
          katieh@getbc.com
          pipleadings@getbc.com
          Attorney for Plaintiff